

U.S. Department of Justice

Criminal Division

*Appellate Section*  *Washington, D.C. 20530*

January 10, 2024

The Honorable Maria R. Hamilton
Clerk of Court
U.S. Court of Appeals for the First Circuit
1 Courthouse Way, Suite 2500
Boston, MA 02210

  Re: Rule 28(j) letter in *United States v. Randall Crater*, No. 23-1159
     (argument set for Feb. 5, 2024, in Boston)

Dear Ms. Hamilton:

  This Court's recent decision in *United States v. Perez*, No. 22-1121, 2023 WL 8946671 (1st Cir. Dec. 28, 2023), undermines Crater's effort to disregard First Circuit decisions that predate *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022). *See* Crater Reply Br. 2 n.2.

  This Court in *Perez* applied the decision in *United States v. Eatherton*, 519 F.2d 603 (1st Cir. 1975), which upheld a warrantless briefcase search under the Fourth Amendment's search-incident-to-arrest exception, to a similar warrantless search of a backpack that officers had just removed from the defendant's person during the arrest. *Id*. at *3-6. The Court also rejected the defendant's contention that two intervening Supreme Court decisions—*United States v. Chadwick*, 433 U.S. 1 (1977), and *Arizona v. Gant*, 556 U.S. 332 (2009)— had abrogated *Eatherton*'s holding. As to the former, the Court observed that "nothing in *Chadwick* purports to address how to treat a container that an arrestee has in hand at the time of arrest." *Id*. at *7. As to the latter, the Court observed that "*Gant* did not address carried personal property at all" and "concerned only whether a car may be searched incident to a lawful arrest of an occupant of the car." *Ibid*. This Court accordingly applied the law-of-the-circuit doctrine and held that "the rule laid down in *Eatherton* control[led] this case." *Id*. at *11.

The same principle governs here. The Supreme Court's decision in *Bruen* concerned the Second Amendment's scope. Because *Bruen* did not address the Compulsory Process Clause, it does not abrogate this Court's cases addressing the Clause or "'provide[] a clear and convincing basis' to conclude that the prior panel[s] would have changed [their] minds"—a "'hen's-teeth-rare'" exception to the law-of-the-circuit doctrine. *Id*. at *3 (citations omitted). And this Court's compulsory process jurisprudence holds that, "[b]efore the absence of defense witnesses can be said to violate either the right to compulsory process or due process, the defendant must show that the testimony from the missing witnesses would have been relevant, material, and favorable." *United States v. Mount,* 896 F.2d 612, 621 (1st Cir. 1990).

    Sincerely,

    /s/ David M. Lieberman
    David M. Lieberman
    Appellate Section
    Criminal Division
    U.S. Department of Justice
    950 Pennsylvania Ave., NW Room 1264
    Washington, DC 20530
    (202) 262-6805

## CERTIFICATE OF SERVICE

I certify that, on January 10, 2024, I served an electronic copy of this letter on all counsel of record via the Court's ECF system.

/s/ David M. Lieberman

## CERTIFICATE OF COMPLIANCE

This letter complies with the limitation of Fed. R. App. P. 28(j) because it contains 349 words.

/s/ David M. Lieberman